**JUDGE RAKOFF**

LEGAL SERVICES NYC – BRONX
*Attorneys for Plaintiff*
By Anne Nacinovich (AN – 6586)
579 Courtlandt Avenue
Bronx, N.Y. 10451
Telephone: (718) 928-3701
Facsimile: (718) 402-7566



10 CV 6013

RECEIVED
AUG 10 2010
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
MIREYA RIVERA,

        Plaintiff,

-against-

LINDA A. STRUMPF and JOHN L. LOMBARDI,

        Defendants.
------------------------------------------------------------x

No. 10 Civ.

COMPLAINT
JURY TRIAL DEMANDED

      Plaintiff Mireya Rivera, for her complaint, alleges, upon personal knowledge as to herself and information and belief as to other matters, as follows:

INTRODUCTION

    1.    The defendants brought and pursued a consumer debt case against Mireya Rivera in Bronx Civil Court because she shares a common name with an alleged debtor. Ms. Rivera has gone repeatedly to Court with definitive proof that the defendants sued the wrong person. The defendants have submitted false and misleading materials to the Court and to Ms. Rivera, along with documents that indicate they should not have continued with their claims.

    2.    This is an action for actual and statutory damages and injunctive relief brought by plaintiff, an individual consumer, against the defendant attorneys for violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, New York General Business Law § 349 ("GBL § 349"), which prohibits deceptive acts and practices in the conduct of any business, and New York Judiciary Law § 487 ("NYJL § 487"), which prohibits attorneys from engaging in acts of deceit or collusion with intent to deceive the court or any party.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over plaintiffs' federal claims under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1337, and over her state claims under 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of New York because the defendants transact business in this district and the conduct complained of occurred within this district.

## PARTIES

5. Plaintiff Mireya Rivera is a natural person residing in Bronx County, New York. She has lived at the same address for over sixteen years. She is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant Linda A. Strumpf ("Strumpf") is a natural person and an attorney licensed to practice law in New York State. She has offices and conducts business in South Salem, New York. Strumpf regularly collects or attempts to collect debts allegedly owed to third parties. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Defendant John L. Lombardi ("Lombardi") is a natural person and an attorney licensed to practice law in New York State. He has an office for the transaction of business in New York City. Lombardi regularly offers his services as a "per diem" attorney to other lawyers engaged in the debt collection business. As such, he regularly collects or attempts to collect debts allegedly owed to third parties. Defendant is a "debt collector" as defined by the

2

FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. In late 2006, Strumpf, acting as attorney for U.S. Equities Corp. ("U.S. Equities"), sued Rivera in the Civil Court of the City of New York, Bronx County ("Bronx Civil Court"). The case was assigned Index No. 105417/06. The object of the suit was to collect a consumer debt allegedly owed by Rivera to U.S. Equities. The complaint alleged that Rivera had obtained a charge or credit card from an entity known as Direct Merchants Bank ("Direct Merchants"); that Rivera had failed to make payments as required by her agreement with Direct Merchants; that U.S. Equities had been assigned Direct Merchants' rights under the agreement; and that Rivera was indebted to U.S. Equities in the sum of $3,274.47. The complaint also sought interest at the rate of 12% from September 30, 2001 and attorney's fees in the amount of $654.89.

9. Upon information and belief, Strumpf had an ownership or other pecuniary interest in U.S. Equities Corp.

10. Ms. Rivera had never had any dealings of any sort whatsoever with Direct Merchants or U.S. Equities and was not indebted to either.

11. Ms. Rivera was never properly served with the summons and complaint.

12. Ms. Rivera learned that she had been named as the defendant in the suit filed by Strumpf only when she received notification from Bronx Civil Court. She then went to the Bronx Court to defend herself. She is a Spanish-speaker and she is unfamiliar with the court system. Ms. Rivera is self-employed as a hairdresser, and has lost business by making multiple appearances at court over the three years this case has been active.

13. On March 13, 2007, Ms. Rivera filed a *pro se* answer to the complaint denying

that she owed any money to U.S. Equities. As instructed by a Bronx Civil Court employee, she served a copy of her answer upon Strumpf. The answer contained a notation by the court employee that the first court appearance was scheduled for April 10, 2007.

14. Ms. Rivera appeared in Bronx Civil Court on April 10, 2007.

15. Because no one appeared on behalf of U.S. Equities, the Court dismissed the complaint.

16. Strumpf, apparently without checking the Court records, then drafted papers for default judgment in July 2007, but that application was rejected on the basis that the case had been dismissed several months earlier.

17. On or about June 8, 2009, that is about two years after the Court denied Strumpf's motion, Strumpf filed a motion in Bronx Civil Court seeking to vacate the dismissal on the complaint on the grounds of excusable default. Strumpf once again did not notify Rivera of this application. The Court granted the motion "on default" on the July 29, 2009 return date, Rivera not having appeared.

18. In August 2009, following vacatur of the default, the Bronx Civil Court issued a notice to the parties scheduling the next court date for August 27, 2009. This was the first notice concerning the case Rivera had received in more than two years.

19. On or about August 24, 2009, Strumpf filed a motion in Bronx Civil Court seeking summary judgment on U.S. Equities' claim against Rivera. The motion was made returnable on September 15, 2009. Strumpf again did not notify Rivera of this application.

20. In support of the motion for summary judgment, Strumpf submitted various documents with intent to deceive the Court and/or Ms. Rivera:

    A. Strumpf submitted a fraudulent "bill of sale" by which U.S. Equities claimed

4

to have acquired ownership of Direct Merchants' claim against Mireya Rivera. The bill of sale did not refer to Ms. Rivera, was between "Turtle Creek Assets" and U.S. Equities, not Direct Merchants and U.S. Equities. The document was also dated September 25, 2008, i.e., approximately 21 months *after* the U.S. Equities lawsuit against Ms. Rivera had been commenced.

B. Strumpf submitted a "Lexis-Nexis" report which she claimed was run on Ms. Rivera and she claims confirms that Ms. Rivera lived at an address linked to the alleged debt. However the report itself shows that it was run on a social security number that does not belong to Ms. Rivera, and it is a report on another person. The report also shows that at the time the suit was filed, there was no connection between Ms. Rivera and this other person's Lexis-Nexis report and that only after Strumpf's suit was Ms. Rivera's address linked to this other person's report. The document was deceptive in that it was not what Strumpf claimed it to be. Strumpf's presentation of this report in support of her case, as well as her false statement about its contents, was deliberately deceptive.

C. Strumpf submitted an affidavit by Wing Lam, identified as the "accounts manager" for U.S. Equities, in which Lam claimed to have personal knowledge, based on "books and records" in possession of U.S. Equities, of the transaction between U.S. Equities and Rivera. Upon information and belief, the affidavit was false and deceptive in that Lam possessed no personal knowledge regarding the original purported agreement between Direct Merchants and Rivera, Rivera's purported failure to make required payments, and Direct Merchants' purported assignment of Rivera's account to U.S. Equities. In addition, upon information

and belief, Lam's claim to have been U.S. Equities' accounts manager was deceptive.

21. Ms. Rivera appeared in Court on August 27, 2009, having received a notice from the Court to appear. Lombardi appeared as attorney for U.S. Equities. Ms. Rivera did not understand why her case had been called back into court nearly two and a half years after it had been dismissed. With the aid of an interpreter, Ms. Rivera explained to the judge that she had never had any dealings with Direct Merchants or U.S. Equities, and provided documentation of her identity, including her address, date of birth, and Social Security number, that differed from the information U.S. Equities possessed about the person who had incurred the original indebtedness to Direct Merchants. The judge told Mr. Lombardi, "It looks like you have the wrong person." Lombardi asked for copies of Ms. Rivera's documentation and, at the judge's urging, she gave Lombardi copies of her driver's license and Social Security number. Lombardi asked for more time to consult with U.S. Equities, and the judge adjourned the case to November 23, 2009.

22. At all times since August 27, 2009, Strumpf and Lombardi have known that Mireya Rivera was not the person who had incurred the original indebtedness to Direct Merchants.

23. On September 15, 2009, upon information and belief, either Strumpf or Lombardi appeared in Bronx Civil Court for the argument of U.S. Equities' summary judgment motion. Ms. Rivera did not appear, never having been notified. The Court, the Hon. Lizbeth Gonzalez presiding, granted the motion "on default." Judgment was subsequently entered in favor of U.S. Equities and against Ms. Rivera in the amount of $5,761.94.

24. Ms. Rivera, unaware of the summary judgment motion, next appeared in court on

the scheduled November 23, 2009 court date as scheduled, and was informed that the case had already been decided against her.

25. With the assistance of the Bronx Civil Court personnel, Ms. Rivera then filed a pro se motion to vacate the award of summary judgment and restore her case to the calendar on the ground that she had not been notified of the motion. Her *pro se* motion papers were filed on November 30, 2009. The motion was returnable on December 15, 2009.

26. Ms. Rivera again appeared in court on December 15, 2009. The Court granted her motion to vacate the award of summary judgment to U.S. Equities. No one representing U.S. Equities appeared in opposition to the motion. The Court then re-scheduled the hearing on U.S. Equities' pending motion for summary judgment for January 12, 2010.

27. Ms. Rivera made additional appearances in Bronx Civil Court in opposition to U.S. Equities' motion for summary judgment on March 23, 2010 and May 4, 2010.

28. Ms. Rivera has repeatedly brought to court and presented documentary evidence to Strumpf and/or Lombardi demonstrating that she is not the person who contracted the original indebtedness to Direct Merchants, including:

> A. Documentation that her Social Security number is different from that of the original debtor;
>
> B. Documentation that her date of birth is different from that of the original debtor;
>
> C. Documentation from three credit reporting agencies confirming that she has never had an indebtedness with Direct Merchants or U.S. Equities; and
>
> D. Documentation, including leases and IRS documents, showing that she has never resided at the address identified by Direct Merchants as the original

debtor's address.

29. On May 14, 2010, Legal Services NYC – Bronx entered an appearance for Ms. Rivera. Defendant Lombardi has acknowledged in front of the Bronx Court that Ms. Rivera is not the correct defendant.

30. Having brought a case based on the flimsy premise that Ms. Rivera shares a common name with another Bronx resident, having repeatedly been shown proof of their error and been given the opportunity to check their error, and having presented material to the Court that undermines their own case along with affidavits mischaracterizing what the material shows, the defendants still have not discontinued the case.

31. Defendants' conduct as described above has caused Mireya Rivera to incur economic loss.

32. Defendants' conduct as described above was willful and/or knowing.

### FIRST CLAIM FOR RELIEF
### (Violations of FDCPA)

33. Plaintiff reiterates and incorporates paragraphs 1 through 32 as if fully repeated here.

34. Through their actions, the defendants have used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

35. Through their actions, defendants have used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

36. Through their actions, defendants have engaged in conduct the natural consequence of which was to harass, oppress, and abuse a debtor, in violation of 15 U.S.C. §

1692d.

## SECOND CLAIM FOR RELIEF
### (Violations of GBL § 349)

37. Plaintiff reiterates and incorporates paragraphs 1 through 32 as if fully repeated here.

38. Through their actions, defendants have engaged in deceptive acts or practices in the conduct of a business, in violation of GBL § 349.

39. As a result of these violations, Ms. Rivera is entitled to an injunction barring defendants from engaging in deceptive acts and practices, treble damages, attorney's fees, and costs.

## THIRD CLAIM FOR RELIEF
### (Violations of NYJL § 487)

40. Plaintiff reiterates and incorporates paragraphs 1 through 32 as if fully repeated here.

41. Through their actions, defendants have engaged in acts of deceit or collusion with the intent to deceive a court or other party, in violation of NYJL § 487.

42. As a result of these violations, the defendants are liable to Rivera for treble damages.

WHEREFORE, Plaintiff respectfully requests the Court to order the following:

    A. Enjoin the Defendants from committing similar violations in the future;

    B. Award actual damages to Plaintiff;

    C. Award statutory damages to Plaintiff under 15 U.S.C. § 1692k;

    D. Award treble damages to Plaintiff under GBL § 349 and NYJL § 487;

    E. Award costs and reasonable attorney's fees to Plaintiff's attorneys under 15

U.S.C. § 1692k and GBL § 349; and

F. Award such other and further relief as may be just and proper.

JURY TRIAL DEMANDED

Plaintiff demands a trial by jury in this action.

Dated: August 10, 2010
Bronx, New York

LEGAL SERVICES NYC – BRONX

By *(signature)* Anne Nacinovich
Anne Nacinovich (AN-6586)
579 Courtlandt Avenue
Bronx, N.Y. 10451
Telephone: (718) 928-3701
Facsimile: (718) 402-7566

NORTHERN MANHATTAN IMPROVEMENT
CORPORATION
James M. Baker, of counsel (JB-7115)
76 Wadsworth Ave
New York, N.Y. 10033
212-822-8347

*Attorneys for Plaintiff*